FILED

2013 Nov-08  PM 01:51
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| HAFFORD HESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:13-cv-01873-CLS |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, HAFFORD HESTER ("Plaintiff"), through his attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, GC SERVICES, LP, ("Defendant"):

## INTRODUCTION

1. Plaintiff's First Amended Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Baileyton, Cullman County, Alabama.

6.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7.  Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9.  Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Maine.

11. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas.  *See* Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See* Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff regarding a Citibank Shell credit card, account number ending in 6012, Defendant's file number 4512532, and an American Express credit card, account number ending in 31006, Defendant's file number 1851916.

19. The alleged debt owed on the Accounts arise from transactions for personal, family, and household purposes.

20. Within in the last year, Defendant was hired to collect on the Accounts.

21. Defendant's account representatives, M. Young, and E. Bernhagen communicated with Plaintiff regarding the American Express Account on or about May 14, 2013 and June 7, 2013, respectively.

22. Defendant's account representative, B. Cobbs, communicated with Plaintiff regarding the Citibank Account on or about June 25, 2013.

23. Defendant's account representatives, M. Young, E. Bernhagen, and B. Cobbs reviewed the letters dated May 14, 2013, June 7, 2013, and June 25, 2013, prior to it being mailed to Plaintiff.

24. Defendant's account representatives, M. Young, E. Bernhagen, and B. Cobbs, were working within the scope of their employment when they communicated with Plaintiff in an attempt to collect on the Accounts.

25. Defendant called Plaintiff at 256-796-70xx in an attempt to collect on the Accounts.

26. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the Accounts.

27. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least one voicemail message regarding the Accounts.

28. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "This message is for Hafford Hester. My name is Patrick [inaudible] appreciate you calling me back. You can reach me at 1-800-926-3136, extension 3006. Thank you."

29. Defendant's collector that left the message transcribed in paragraph 28 was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect a debt.

30. Defendant's message for Plaintiff does not state that the call is from GC Services, LP.

31. Defendant's message for Plaintiff does not state that the collector is attempting to collect a debt.

32. Defendant's collector that left the message transcribed in paragraph 28 is familiar with the FDCPA.

33. Defendant's collector that left the message transcribed in paragraph 28 knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

34. Defendant's collector that left the message transcribed in paragraph 28 knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

35. The telephone number of 800-926-3136 is one of Defendant's telephone numbers.

36. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

37. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

38. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

39. Defendant recorded all of its telephone communications with third parties regarding the Account.

40. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

41. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

42. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

   b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP.

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

5

    d.   Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection  the alleged debt; and

    e.   Defendant violated *§1692e(11)* of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

WHEREFORE, Plaintiff, HAFFORD HESTER, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

46. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


November 8, 2013              By:  /s/M. Brandon Walker
                              M. Brandon Walker
                              Walker McMullan, Attorneys
                              242 West Valley Avenue, Suite 312
                              Birmingham, AL 35209
                              Tel: 205-417-2541
                              E-mail: brandon@walkermcmullan.com
                              Attorney for Plaintiff